IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TEXAS

MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No.:  7:18-cv-213 |
| | § | |
| KEVIN W. and KAREN K. GOOD, et al. | § | |
| | § | |
| Defendants. | § | |

## UNITED STATES' COMPLAINT

Plaintiff, United States of America, pursuant to 26 U.S.C., Sections 7401 and 7403, at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this complaint against defendants, Kevin W. Good and Karen K. Good, seeking: (1) a judgment against defendants Kevin W. Good and Karen K. Good in the amount of his unpaid federal tax liabilities, and (2) enforcement of federal tax liens through foreclose against, and sale of, certain property located in Midland County, Texas.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402(a) and 7403(c) and 28 U.S.C. §§ 1340, and 1345.

2.     Venue lies with this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because taxpayers Kevin W. Good and Karen K. Good reside, and the property that is the subject of this action is located, in Midland County, Texas.

## PARTIES

3.      Plaintiff is the United States of America.

4.      Defendant Kevin W. Good is a taxpayer owing taxes to the United States.  He resides in Midland, Texas, which is within the jurisdiction of this court.

5.      Defendant Karen K. Good is the wife of Defendant Kevin K. Good, and is also a taxpayer owing taxes to the United States.  She resides in Midland, Texas, which is within the jurisdiction of this court.

6.      Defendant Mortgage Electronic Systems, Inc. ("MERS") is or was a Delaware corporation doing business in Texas.  MERS is named as a defendant, pursuant to 26 U.S.C. § 7403(b) because it purportedly holds a mortgage lien on the real property upon which foreclosure is being requested herein. On information and belief, MERS was and may still be a beneficiary of a deed of trust which encumbered title to the real property made the subject of this suit, and currently has no registered agent for service of process in Texas.  MERS may be served with process through its president and chief executive officer, Bill Beckman, at MERS, 1818 Liberty Street, Suite 300, Reston, Virginia 20190.

7.      Defendant Nationstar Mortgage LLC is or was a Delaware corporation doing business in Texas.  It is named as a defendant, pursuant to 26 U.S.C. § 7403(b) because it purportedly holds an interest in the real property upon which foreclosure is being requested herein.  On information and belief, Nationstar Mortgage LLC is the servicing agent who collects the monthly mortgage payments due on the real property made the subject of this suit, and may also hold an interest in the real property.  It may be served through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## COUNT I  (TAX LIABILITY)

8.     A delegate of the Secretary of the Treasury made timely assessments against Kevin and Karen Good for the income taxes and penalties shown below, which after adjustments for statutory interest accruals, penalty accruals, other statutory amounts, abatements, payments and credits resulted in the following unpaid liabilities as of August 13, 2018 :

| Tax Year | Date of Assessment | Amount Due Through August 13, 2018 |
|---|---|---|
| 2012 | 05/21/2018 | $37,919.17 |
| 2013 | 05/28/2018 | $55,979.87 |
| 2014 | 05/28/2018 | $70,971.90 |
| 2015 | 04/09/2018 | $45,494.02 |
| 2016 | 04/16/2018 | $57,316.19 |
| 2017 | 05/07/2018 | $31,706.45 |
| **Total** | | **$299,387.60** |

9.     A delegate of the Secretary of the Treasury made timely assessments against Kevin Good for the income taxes and penalties shown below, which after adjustments for statutory interest accruals, penalty accruals, other statutory amounts, abatements, payments and credits resulted in the following unpaid liabilities as of August 13, 2018 :

| Tax Year | Date of Assessment | Amount Due Through August 13, 2018 |
|---|---|---|
| 2003 | 09/10/2007 | $53,175.68 |
| 2005 | 07/21/2008 | $48,457.74 |
| **Total** | | **$101,633.42** |

10.     A delegate of the Secretary of the Treasury made timely assessments against Karen Good for the income taxes and penalties shown below, which after adjustments for statutory interest accruals, penalty accruals, other statutory amounts, abatements, payments and credits resulted in the following unpaid liabilities as of August 13, 2018 :

| Tax Year | Date of Assessment | Amount Due Through August 13, 2018 |
|---|---|---|
| 2005 | 07/21/2008 | $4,673.91 |
| 2006 | 05/31/2010 | $5,027.88 |
| 2007 | 03/28/2011 | $4,902.69 |
| **Total** | | **$14,604.48** |

11.     A delegate of the Secretary of the Treasury assessed against defendant Karen Good a civil penalty under 26 U.S.C. § 6702 on August 14, 2006, for a frivolous tax submission with regard to her 2003 tax year.  The unpaid balance of this assessment plus statutory accruals, as of August 13, 2018, was **$971.16**.

12.     The total amount due from defendants for the liabilities listed in paragraphs 8 through 11, as of August 13, 2018, is **$416,596.66**.

13.     Despite having been given proper notice and demand for payment of the assessments shown in paragraphs 8 through 11, above, defendants Kevin and Karen Good have not fully paid the amounts due.  Therefore, pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that: defendants Kevin and Karen Good are jointly liable and indebted to the United States for $299,387.60, as of August 13, 2018, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§  6601, 6621 and 28 U.S.C. § 1961(c), until paid; that defendant Kevin Good is additionally liable and indebted to the United States for $101,633.42, as of August 13, 2018, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§  6601, 6621 and 28 U.S.C. § 1961(c), until paid; and that defendant Karen Good is additionally liable and indebted to the United States for $15,575.64, as of August 13, 2018, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

14.     The earliest Collection Statute Expiration Date (CSED) is December 4, 2018 (for the Section 7402 civil penalty against defendant Karen Good).  Under 26 U.S.C. § 6502, the United States has ten years after assessment to collect a tax.  This period may be extended by certain events including the pendency of a bankruptcy case and a Collection Due Process (CDP) appeal.  Defendants Kevin and Karen Good were debtors in a bankruptcy proceeding and they filed a CDP appeal which extended their CSED dates by 842 days.

## COUNT II  (ENFORCEMENT OF TAX LIEN)

15.     Defendants Kevin and Karen Good are the owner of certain real property located at 5305 Canadian Avenue, Midland, Texas 79707 ("the Property"), more specifically described as:

> Being all of Lot Ten (10), Block Twenty-One (21), Section 4,
> Northgate Addition, and Addition to the City of Midland, Midland
> County, Texas, According to the Map or Plat thereof of record in
> Cabinet C, Page 58, Plat Records, Midland County, Texas.

16.     At the time of the above described assessments a federal tax lien arose, pursuant to 26 U.S.C. § 6321, and attached to all property or rights to property then owned, or thereafter acquired, by defendants.

17.     The United States also recorded Notices of Federal Tax Liens against defendants Kevin Good and Karen Good pursuant to 26 U.S.C. § 6323 with respect to the above described assessments in the real property records of Midland County, Texas, on May 20, 2014, November 20, 2017 (renewal), February 6, 2018 (renewal), June 18, 2018, and June 26, 2018.

18.     As the tax assessments remain unpaid, the United States is entitled, pursuant to 26 U.S.C. § 7403 to a judgment enforcing its federal tax liens through foreclosure against defendant's interest in the real property described in paragraph 15 above.  Additionally, that real property should be ordered sold free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action with the proceeds of the sale being paid first to the costs of the sale and then to the parties in the order of their priority of interest in the property.

## PRAYER

WHEREFORE, plaintiff, United States of America, requests that this Court:

a)  Enter judgment in favor of the United States and against defendants Kevin and Karen Good for federal income tax for the years 2012, 2013, 2014, 2015, 2016, and 2017, in the amount of $299,387.60, as of August 13, 2018, plus prejudgment and post judgment interest on that amount at the rates set forth in 26 U.S.C. §§ 6601 6621, and 28 U.S.C. § 1961(c) until paid;

b)  Enter judgment in favor of the United States and against defendant Kevin Good for federal income tax for the years 2003 and 2005 in the amount of $101,633.42, as of August 13, 2018, plus prejudgment and post judgment interest on that amount at the rates set forth in 26 U.S.C. §§ 6601 6621, and 28 U.S.C. § 1961(c) until paid;

c)  Enter judgment in favor of the United States and against defendant Karen Good for federal income tax for the years 2005, 2006, and 2006, in the amount of $14,604.48, as of August 13, 2018, plus prejudgment and post judgment interest on that amount at the rates set forth in 26 U.S.C. §§ 6601 6621, and 28 U.S.C. § 1961(c) until paid;

d)  Enter judgment in favor of the United States and against defendant Karen Good for the Civil Penalty for tax year 2003 assessed under 26 U.S.C. § 6702, in the amount of $971.16, as of August 13, 2018, plus prejudgment and post judgment interest on that amount at the rates set forth in 26 U.S.C. §§ 6601 6621, and 28 U.S.C. § 1961(c) until paid;

e)  Determine that the United States has valid and subsisting federal tax liens that arose with the assessments described in paragraphs 8 through 11, above, and attached to all of the property and rights to property of defendants, including their interest in the real property described in paragraph 15, above;

c)  Determine the priority of the interests of the parties in the real property described in paragraph 15 above;

d)  Order that the United States' federal tax liens be foreclosed upon the real property described in paragraph 15, above, that the property be sold free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action, and that the net proceeds of the sale be distributed to the parties in the order of their priority of interest in the property;

e)  Order that, if the amounts distributed to the United States from the net proceeds of the sale of the real property described in paragraph 15 above are insufficient to satisfy fully the above-described tax liabilities, the United States have judgment for the deficiency against defendants; and

f)  Award the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

JOHN F. BASH
United States Attorney

_/s/ G. Hobart Miller_
G. HOBART MILLER
Attorney, Tax Division
State Bar No. 14073020
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
(214) 880-9748
(214) 880-9742 (FAX)
Glen.H.Miller@usdoj.gov

ATTORNEYS FOR UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1   U.S. Government
Plaintiff

❑ 3   Federal Question
*(U.S. Government Not a Party)*

❑ 2   U.S. Government
Defendant

❑ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury  - | ❑ 690 Other | ❑ 423 Withdrawal | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Product Liability | | 28 USC 157 | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | Liability | ❑ 367 Health Care/ | | | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❑ 820 Copyrights | ❑ 460 Deportation |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Product Liability | | ❑ 830 Patent | ❑ 470 Racketeer Influenced and |
| ❑ 152 Recovery of Defaulted | Liability | ❑ 368 Asbestos Personal | | ❑ 840 Trademark | Corrupt Organizations |
| Student Loans | ❑ 340 Marine | Injury Product | | | ❑ 480 Consumer Credit |
| (Excludes Veterans) | ❑ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❑ 490 Cable/Sat TV |
| ❑ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | Act | ❑ 862 Black Lung (923) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 720 Labor/Management | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 190 Other Contract | Product Liability | ❑ 380 Other Personal | Relations | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Property Damage | ❑ 740 Railway Labor Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| ❑ 196 Franchise | Injury | ❑ 385 Property Damage | ❑ 751 Family and Medical | | ❑ 895 Freedom of Information |
| | ❑ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❑ 790 Other Labor Litigation | | ❑ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❑ 899 Administrative Procedure |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❑ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party | ❑ 950 Constitutionality of |
| ❑ 240 Torts to Land | ❑ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❑ 245 Tort Product Liability | Accommodations | ❑ 530 General | | | |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | | |
| | Other | ❑ 550 Civil Rights | Actions | | |
| | ❑ 448 Education | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❑ 1   Original
Proceeding

❑ 2   Removed from
State Court

❑ 3   Remanded from
Appellate Court

❑ 4   Reinstated or
Reopened

❑ 5   Transferred from
Another District
*(specify)*

❑ 6   Multidistrict
Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN
COMPLAINT:

❑  CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ❑ Yes   ❑ No

## VIII.  RELATED CASE(S)
IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.